Wu v. Lynch

BIA
Nelson, IJ
A205 036 149/150

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of October, two thousand sixteen.

PRESENT:
> DENNIS JACOBS,
> DENNY CHIN,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

JIAO WU, MING LI, AKA LI MING,
> *Petitioners,*

v.                                          15-1303
                                            NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONERS:**        Robert J. Adinolfi, New York, New York.

**FOR RESPONDENT:**         Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Melissa Neiman-Kelting, Senior Litigation Counsel; Allison Frayer, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Jiao Wu and Ming Li, natives and citizens of the People's Republic of China, seek review of an April 8, 2015, decision of the BIA affirming an October 18, 2012, decision of an Immigration Judge ("IJ") denying Wu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jiao Wu, Ming Li,* Nos. A205 036 149/150 (B.I.A. Apr. 8, 2015), *aff'g* Nos. A205 035 149/150 (Immigr. Ct. N.Y.C. Oct. 18, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). For asylum applications like these, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances . . . base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or

2

witness's account," and inconsistencies in an applicant's statements and other record evidence "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64.

Although two of the IJ's findings are unsupported by the record, we conclude that remand would be futile because the remainder of the findings are supported and constitute substantial evidence supporting the IJ's adverse credibility determination. Accordingly, we deny the petition for review.

Two of the IJ's findings do not support the adverse credibility determination. First, although Wu testified that her 2011 pregnancy was both planned and unplanned, the IJ did not rely on that inconsistency. Instead, the IJ found an inconsistency between Wu's statement that the 2011 pregnancy was accidental and Li's written statement that they had discussed having a second child many times. There is no inconsistency: a couple can want a child without actively planning a pregnancy. Second, the IJ's finding that it was implausible that Wu would not have sought permission to have a second child, considering her testimony that a second child was allowed under the family planning policy, relied on the erroneous inconsistency finding.

The IJ's remaining findings, however, provide substantial evidence for the adverse credibility determination. The IJ

relied on two additional inconsistencies with firm support in the record. *See Xiu Xia Lin*, 534 F.3d at 163-64. Wu's medical records reflected that she requested an abortion in 2011, but she testified it was involuntary. Although Wu testified that the medical records were mistaken, she did not explain how or why the hospital would have interpreted a forced abortion as voluntary, or why she submitted records that undermined her claim without explaining the discrepancy up front. *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005). This inconsistency, standing alone, is sufficient to support the adverse credibility determination because it relates to the basis of Wu's claim. *Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 294-95 (2d Cir. 2006).

Wu also testified that the government imposed a 10,000 renminbi fine, which officials sought to collect monthly, but Li stated that officials tried to collect the fine once and then forgot about it. Wu argues that the she should have been given an opportunity to explain this inconsistency. She was. Wu's attorney declined the IJ's invitation to offer additional evidence after Li testified. Moreover, the inconsistency was conspicuous and called into question whether Wu and Li were ever fined for violating family planning laws, thereby casting doubt on the entirety of Wu's claim of persecution. *See Ming Shi Xue v. BIA*, 439 F.3d 111, 114 (2d Cir. 2006).

4

The adverse credibility determination is further supported by the lack of reliable corroborating evidence. *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). First, Li's testimony and unpersuasive demeanor did not rehabilitate Wu. He gave inconsistent testimony regarding the fine and frequently looked toward Wu before answering questions. *See Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005) (holding that we generally defer to IJ's demeanor findings). In addition, Wu's medical records of her 2011 abortion undermined her claim, and she failed to produce records of the 2007 abortion, which she alleged occurred at the same hospital.

In spite of the two errors relating to whether the 2011 pregnancy was planned, we conclude that remand is futile. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 401 (2d Cir. 2005). The inconsistency between Wu's testimony and medical records regarding her 2011 abortion is sufficient, standing alone, to support the adverse credibility determination. *Xian Tuan Ye*, 446 F.3d at 294-95. The adverse credibility finding is further supported by the inconsistency regarding the fine, as well as Wu's failure to corroborate her claim with reliable evidence. Accordingly, the "totality of the circumstances" supports the adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167. That determination is dispositive of asylum,

5

withholding of removal, and CAT relief because all three forms of relief relied on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk